Wardlaw, J.
delivered the opinion of the Court.
The questions of fact have been settled by the verdict, and upon them the appellant’s counsel has not here insisted.
All the evidence in the case came from the injured daughter of the plaintiff; if it has not shewn enough to sustain the action, a non-suit should be ordered.
Judge Brevard, in Kirkpatrick v. Lockhart, contrary to Satterthevaite v. Duersb, intimates his opinion, that in either trespass or case, brought by a parent for the seduction of a daughter, there need be no allagation of special damage. Without deciding that point, we see that here a per quod servitium amisit has been laid, and that the allegation, even if it is unnecessary, having been made must be sustained by some proof. Proof that the daughter was under 21 years of age, in absence of evidence that the paternal control had in some legal way ceased, would raise a presumption that she was the servant of the father, sufficient to sustain the action by him. When the daughter is above 21, some slight evidence of actual service rendered by her must be given : but very gpght evidence will suffice, for the loss of service is well understood to be little more than a legal fiction, which has been introduced to secure compensation for outraged feelings. The same right of action which ordinarily a father has, devolves upon any one standing loco parentis.
Here the daughter lived with her widowed mother, who was the natural head of the family, and rendered valuable service to the mother and family. That the daughter was owner of the establishment may serve to shew her merit and her mother’s destitution, but did not render the injury which has been done more tolerable to the mother, ana could defeat the action only upon principles which would apply to every case where ample means of living raised the daughter above the necessity of rendering menial services to the parent. The house which has been made wretched, was the home of the mother; that the opportunity of there enjoying the daughter’s society, and the means of living, have come to the mother from the filial piety and industrious exertion of the daughter, seems to shew that there is more than fiction or formal averment in the allegation of services lost.
*465 The proof of injury in such cases, it is Said, usually depends upon the testimony of the person most injured, and,, therefore, the action should be kept within close bounds.— This observation applies as well where the daughter is under twenty one, as where she is over. In all cases the jury must judge of the credit due to the witness, and of all the circumstances of aggravation or mitigation.
It has, sometimes, been thought extraordinary that any action should lie to a person on account of incontinence between two others, both of whom may be of full age : but if vicious inclinations of a daughter have brought disgrace upon herself and her family, a parent ought not to recover the damages which would be awarded in a case of seduction. The dreadful sufferings which a daughter’s seduction must bring upon a parent, can have no adequate punishment by law, without this action of the parent, and, therefore, the action, in a proper case, should be made effective.
The motion is dismissed.
The whole Court concurred.

Motion refused.